## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF KENTUCKY
## CENTRAL DIVISION
## at LEXINGTON

**Civil Action No. 09-101-HRW**

**LETTIE SEALS**,                                                                 **PLAINTIFF,**

**v.**                    **MEMORANDUM OPINION AND ORDER**

**MICHAEL J. ASTRUE**
**COMMISSIONER OF SOCIAL SECURITY,**                    **DEFENDANT.**

Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant denying Plaintiff's application for disability insurance benefits.  The Court having reviewed the record in this case and the dispositive motions filed by the parties, and being otherwise sufficiently advised, for the reasons set forth herein, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed.

## II.  FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed her current application for  disability insurance benefits on December 6, 2004, alleging disability beginning on July 31, 2003, due to the effects of type 2 diabetes mellitus and chronic low back pain (Tr. 20, 24, 697).

This application  was denied initially and on reconsideration.

On March 29, 2007, an administrative hearing was conducted by Administrative Law Judge Timothy G. Keller (hereinafter "ALJ"), wherein Plaintiff, accompanied by counsel, testified.  At the hearing, Carroll Tarvin, a vocational expert (hereinafter "VE"), also testified.

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the following five-step sequential analysis in order to determine whether the Plaintiff was disabled:

Step 1:  If the claimant is performing substantial gainful work, he is not disabled.

Step 2:  If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).

Step 3:  If the claimant is not performing substantial gainful work and has a severe  impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.

Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.

Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

On April 18, 2007, the ALJ issued his decision finding that Plaintiff was not

disabled.

Plaintiff completed high school and has some college education (Tr. 689).

His/Her past relevant work experience consists of work as a social worker/case

worker (Tr. 698).

At Step 1 of the sequential analysis, the ALJ found that Plaintiff had not

engaged in substantial gainful activity since the alleged onset date of disability

through her date last insured of June 30, 2005 (Tr.22).

The ALJ then determined, at Step 2, that Plaintiff suffered from chronic low

back pain syndrome, which he found to be "severe" within the meaning of the

Regulations (Tr. 22-24).

At Step 3, the ALJ found that Plaintiff's impairments did not meet or

medically equal any of the listed impairments (Tr. 24).

The ALJ further found that Plaintiff could perform her past relevant work

(Tr. 26) and further determined that she has the residual functional capacity

("RFC") to left/carry/push/pull 20 pounds occasionally and 10 pounds frequently;

stand/walk 6 hours in an 8-hour workday; sit 6 hours in an 8 hour work-day and

occasionally climb ladders and stoop.   The ALJ determined that Plaintiff should

avoid vibration. (Tr. 24-26).

Accordingly, the ALJ found Plaintiff not to be disabled.

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner on February 23, 2009 (Tr. 8-11).

Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision.  Both parties have filed Motions for Summary Judgment [Docket Nos. 6 and 7] and this matter is ripe for decision.

### III.  ANALYSIS

### A.     Standard of Review

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence.  "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight.  *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).   If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm.  *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983).  "The court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility."  *Bradley v. Secretary of Health and Human*

4

*Services*, 862 F.2d 1224, 1228 (6th Cir. 1988).  Finally, this Court must defer to the Commissioner's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997).

**B.    Plaintiff's Contentions on Appeal**

Plaintiff contends that the ALJ's finding of no disability is erroneous because: (1) the ALJ did not give appropriate weight to the opinions of two treating sources, Dr. Patricia Barnwell and Dr. Scott Dubal and one examining source, Dr. James Templin, (2) the ALJ did not properly evaluate her credibility and (3) the hypothetical posed to the VE was not accurate.

**C.    Analysis of Contentions on Appeal**

Plaintiff's first claim of error is that the ALJ did not give appropriate weight to the opinions of two treating sources, Dr. Patricia Barnwell and Dr. Scott Dubal.

In order to be given controlling weight, the opinions of a treating source on issues involving the nature and severity of a claimant's  impairments must be well supported by medically acceptable clinical and laboratory diagnostic techniques, and be consistent with other substantial evidence in the case record. 20 C.F.R. § 416.927(d)(2).   Such opinions receive deference  only if they are supported by

5

sufficient medical data. *Harris v. Heckler*, 756 F.2d 431, 435 (6th Cir. 1985).

The physical capacity opinions from the treating sources, Dr. Barnwell and Drt. Dubal, are dated March 26, 2007.   As Plaintiff's date last insured is June 30, 2005, these opinions are outside the scope of inquiry and, thus, have no probative value, regardless of whether they were rendered by a treating source.

The Court finds that the ALJ did not err by rejecting this opinions in favor of opinions rendered during the relevant period of inquiry.

Plaintiff's second claim of error is that the ALJ did not properly evaluate her credibility.  Indeed, Plaintiff claims her testimony was ignored by the ALJ.

Upon review of an ALJ's decision, this Court is to accord the ALJ's determinations of credibility great weight and deference as the ALJ has the opportunity of observing a witness' demeanor while testifying.  *Walters v. Commissioner of Social Security*, 127 F.3d 525, 528 (6th Cir. 1997).  Again, this Court's evaluation is limited to assessing whether the ALJ's conclusions are supported by substantial evidence on the whole record.

The Court having reviewed the hearing decision, as well as the record, finds Plaintiff argument in this regard to be without merit.  First, it is apparent from the hearing decision that the ALJ fully considered Plaintiff's subjective complaints and specifically set forth the criteria utilized in evaluating her credibility.

6

Further, that the ALJ ultimately partially discounted Plaintiff's credibility is supported by substantial evidence in the record.   For example, despite Plaintiff's allegations of ongoing and even worsening symptoms, there is no evidence of the worsening of her condition when he stopped working in 2003.  There is also evidence in the record that Plaintiff was walking 3 miles a day in 2004, which she denies.

Given the contradictions among Plaintiff's testimony, the medical reports and other evidence, the Court finds no error in the ALJ's assessment of Plaintiff's credibility.

Finally, Plaintiff argues that the hypothetical posed to the VE was not accurate. The Defendant argues that the hypothetical questions posed complied with this circuit's long-standing rule that the hypothetical question is proper where it accurately describes a claimant's functional limitations.  *Varley v. Secretary of Health and Human Services*, 820 F.2d 777, 779. (6th Cir. 1987).  This rule is necessarily tempered by the requirement that the ALJ incorporate only those limitations which he or she finds to be credible.  *Casey v. Secretary of Health and Human Services*, 987 F.2d 1230, 1235 (6th Cir. 1993).

In this case, the hypotheticals posed accurately portray the RFC as formulated based upon the objective  medical evidence.   As such, the Court finds

that the ALJ's RFC and findings based upon the VE's testimony are supported by substantial evidence in the record.

### III.  CONCLUSION

The Court finds that the ALJ's decision is supported by substantial evidence on the record.   Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion for Summary Judgment be **SUSTAINED**.  A judgment in favor of the Defendant will be entered contemporaneously herewith.

This November 9, 2009.

Signed By:

*Henry R Wilhoit Jr.*

United States District Judge